UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-361-FDW
(3:06-cr-102-FDW-1)

| | |
|---|---|
| MARVIN FITZGERALD OUTING, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed under 28 U.S.C. § 2255. The Court advised Petitioner, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the nature of his obligation to respond to Respondent's Motion to Dismiss. (Doc. No. 12). Petitioner has filed a response and this matter is now ready for resolution. For the reasons that follow, Respondent's Motion to Dismiss will be granted and Petitioner's Section 2255 motion will be denied and dismissed.

**I.     BACKGROUND**

On April 26, 2006, Petitioner was charged in a one-count Bill of Indictment in the Western District with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (3:06-cr-102, Doc. No. 1). Less than a month later, Petitioner was arrested and made his initial appearance before the magistrate judge and counsel was appointed to represent him. On October 17, 2006, Petitioner entered a plea of guilty to the one-count in his Indictment without a written plea agreement with the Government. (Doc. No. 15: Acceptance and Entry of Guilty Plea).

A presentence investigation report ("PSR") was prepared by the United States Probation

1

Office for the Western District. Petitioner's counsel filed detailed objections to the PSR, notably, the objection to a 4-level enhancement pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6) (2006). Counsel argued that Petitioner did not use the firearm to commit felonies prior to his arrest, as was suggested by the PSR, rather his only crime was being a felon in possession of the firearm. (Doc. No. 21: Objections to Presentence Report at 1). See (Doc. No. 23: PSR at 14, ¶ 47, 19 ¶ 70 (detailing state charges that were filed based on Petitioner's conduct on the day he was arrested. Petitioner's conduct later served as the basis for the charge in his federal indictment)).

On June 9, 2008, Petitioner appeared with counsel for his sentencing hearing. Petitioner addressed the Court and raised this same objection to the 4-level enhancement. (Doc. No. 35: Sentencing Transcript at 7). Petitioner argued that he did not understand how he could be subject to the enhancement if he had not been convicted of the alleged conduct. The Court heard from Petitioner's counsel, who again raised the objection to the enhancement. The Court found that there was evidence adduced in the record which supported the application of the four-level enhancement by a preponderance of the evidence. The Court therefore overruled Petitioner's objection to the enhancement and then sentenced Petitioner to a term of 118 months. (Doc. No. 27: Judgment in a Criminal Case).

Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 29). Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there were no meritorious issues for appeal. Counsel, however, raised three issues for the Court's consideration. Petitioner filed a pro se brief raising two different issues.

In the Anders brief, counsel raised the issue of whether Petitioner's plea of guilty was voluntarily entered. The Court reviewed the record of the Rule 11 hearing and found that the plea

was voluntary and accordingly dismissed this claim. Next, counsel raised the question of whether the trial court "erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(2006)." The Court found no error in the application of the enhancement. United States v. Outing, 326 F. App'x 687, 688 (4th Cir. 2009). Last, counsel argued that the trial court may have committed error in declining to order a competency hearing for Petitioner prior to his sentencing hearing. The Court found that the court record demonstrated that the trial court "committed no error in concluding that there was no reasonable cause to order such a hearing." Id. (citing 18 U.S.C. § 4244(a) (2006)).

Petitioner's pro se claims fared no better on appeal. In his first claim he raised ineffective assistance of counsel. The Court found this claim was not cognizable on the direct appeal because the record did not conclusively demonstrate ineffectiveness. Last, Petitioner argued prosecutorial misconduct. The Court rejected this claim, finding that Petitioner's "claims of prosecutorial misconduct are based on his own misapprehension of the facts and law and are likewise without merit." Id. Having rejected all of the claims raised on appeal, the Court accordingly upheld Petitioner's conviction and sentence.

This Section 2255 action follows Petitioner's unsuccessful bid to attack his sentence on appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Government filed an answer and a motion to dismiss Petitioner's Section 2255 motion. (3:10-cv-361, Doc. Nos. 10, 11).

3

Petitioner has not requested an evidentiary hearing, and after having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his Motion to Vacate, Petitioner argues the trial court erred in using a preponderance of the evidence standard in finding a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). (3:10-cv-361, Doc. No. 1 at 4). Petitioner moves the Court to vacate his sentence and resentence him without the enhancement. (Id. at 5). The Fourth Circuit has considered this very argument on direct appeal and found that there was no error in applying the four-level enhancement. Outing, 326 F. App'x at 688. Petitioner cannot reiterate this argument in this Section 2255 proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Based on the foregoing, this claim is denied and dismissed.

Petitioner filed an "Amended Motion" wherein he included a claim for ineffective assistance of counsel. (Doc. No. 4 at 5). Petitioner contends that his counsel was ineffective for failing to "specifically argue against the application of the § 2K2.1(b)(6) enhancement being applied in violation of Apprendi." (Id.). This argument is without merit. As noted above, Petitioner's counsel filed a detailed objection to the PSR as proposed and argued at Petitioner's sentencing hearing against the enhancement. This objection was overruled during Petitioner's sentencing hearing, and again, the Fourth Circuit found that there was no error in applying the four-level enhancement. This

4

claim is therefore denied and dismissed. See Bell, 5 F.3d at 66 (issues "expressly or impliedly decided by the appellate court" may not be revisited in a collateral proceeding).

Petitioner then filed a Motion for Leave to Supplement his Section 2255 motion. Petitioner included a state court record which Petitioner argued proved that the robbery with a dangerous weapon charge, which served, in part, as the basis for the Court's enhancement, was dismissed by the state. Petitioner asserts that because the charge was dismissed, the Court could not therefore consider the charged conduct in deciding whether to find the § 2K2.1(b)(6) enhancement. (Doc. No. 5 at 1-2). This is yet another argument designed to attack the enhancement, and it is still foreclosed by the Fourth Circuit's finding that there was no error in the enhancement. As this Court took great pains to explain during Petitioner's sentencing hearing:

> You have a major misunderstanding of the issue of the law. You believe that under the advisory Sentencing Guidelines you have to be found guilty of an offense beyond a reasonable doubt for . . . purposes of the U.S. Probation Office to factor in that particular offense in determining your Guideline range. That is wrong. That's where you totally misunderstand.

(3:06-cr-102, Doc. No. 35: Sentencing Transcript at 10).

For the reasons stated herein, this argument is overruled.

Finally, Petitioner filed what he labeled as a motion under Rule 15(c)(2) of the Federal Rules of Civil Procedure to supplement his Section 2255 effort. (3:10-cv-361, Doc. No. 14). Petitioner contends that his trial counsel was ineffective in failing "to make clear that the terms of the plea agreement, included an enhancement for a crime by which it's very terms [Petitioner] did not commit." (Id. at 1-2). First, there was no plea agreement in this case as Petitioner pled guilty to the one count in the Bill of Indictment without the benefit of a plea agreement with the Government. Second, this is yet another poorly disguised derivation on the same attack Petitioner has unsuccessfully urged against the § 2K2.1(b)(6) enhancement. While Petitioner cites recent Supreme

Court precedent in support of his argument of ineffective assistance of counsel, his argument is still foreclosed by the Fourth Circuit's ruling that the enhancement was not made in error. Accordingly, Petitioner's contention that his counsel was ineffective is without merit and will be denied and dismissed.

**IV.   CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 11).

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 30, 2012

Frank D. Whitney
United States District Judge